### GRIFFLER v. RABINOWITZ et al.

(Supreme Court, Appellate Term, First Department. December 24, 1914.)

CORPORATIONS (§ 448*)—ASSUMPTION OF DEBTS—BUYING OUT BUSINESS.

    That a seller of a business notified his creditors of his intentions to sell to a corporation, and indorsed the purchase-money notes given him, and left them with the corporation to pay the creditors, and return the balance, if any, to him, does not show that the corporation assumed the debts of the seller, though the seller was manager, and several of his former employés were officers and stockholders in the corporation.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1709, 1789–1792; Dec. Dig. § 448.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Morris Griffler against Isaac Rabinowitz and the Progressive Wine & Liquor Company, Incorporated. From a judgment for plaintiff, the Liquor Company appeals. Reversed as to the Liquor Company, and new trial ordered.

Argued December term, 1914, before GUY, BIJUR, and PAGE, JJ.

Benj. Frindel, of New York City, for appellant.

Louis Soll, of New York City (Meyer Boskey, of New York City, of counsel), for respondent.

GUY, J. The defendant Rabinowitz purchased of the plaintiff goods to the value of $442.05, between November 26, 1913, and March 24, 1914. Subsequently he transferred his stock in trade and good will to the defendant Progressive Wine & Liquor Company, and the plaintiff brought this action to recover the value of the goods sold, against both parties. Rabinowitz defaulted at the trial, the appellant alone appearing and defending.

The plaintiff seeks to hold the appellant upon the theory that when it purchased of Rabinowitz, it assumed and agreed to pay his liabilities. To prove this fact the plaintiff put Rabinowitz and also one Sherwin, an officer of the defendant corporation, upon the stand as witnesses. It appears from their testimony, and theirs is the only testimony given in the case, that the appellant was incorporated after the sale of the merchandise by plaintiff to defendant; that Rabinowitz notified all of his creditors of his intention to transfer his property to the appellant; that the appellant paid him $10,000 for his property, good will, etc., giving notes which he indorsed and left with the corporation, to be applied towards the payment of his debts, and the balance after such payment to be paid over to him; but it nowhere appears that the corporation assumed or agreed to pay any of the debts of Rabinowitz, other than by paying the amount of the notes when due. It is true that Rabinowitz is the manager, and that several of his former employés are officers and stockholders in the corporation; but if this is a scheme under the guise of which the defendant Rabinowitz is seeking to evade the payment of his debts, it cannot be so determined in this action, nor in the Municipal Court. As the proof now stands, the plaintiff has failed to prove a cause of action against the appellant.

Judgment as to the defendant Progressive Wine & Liquor Company reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.